NO. 07-03-0325-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 5, 2003
_____

CHRISTOPHER EVAN HEFNER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 8938; HON. WILLIAM D. SMITH, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Christopher Evan Hefner (appellant) appeals his conviction for enticing a child. The court received the complete appellate record by August 14, 2003. Thus, appellant's brief was due on September 14, 2003. However, one was not filed on that date. Instead, counsel for appellant moved to extend the deadline, and the latter was extended to October 13, 2003. Rather than file a brief on that date, counsel for appellant again moved for an extension, and we then extended the briefing deadline to November 3, 2003. Before

us is a third motion requesting an additional extension. Furthermore, the reason proffered to justify it is akin to those used to obtain the prior extensions; that is, counsel for appellant represents that he has not had the time to research or complete the research "on the legal issue in this case."

Consequently, we abate this appeal and remand the cause to the 84th District Court of Hutchinson County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal;

2.      whether appellant is indigent and entitled to appointed counsel;

3.      whether counsel for appellant has abandoned the appeal;

4.      whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief); and,

5.      whether the appellant should be appointed new counsel on appeal.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and has been denied effective assistance of counsel, or if it is determined that counsel has abandoned the appeal, then we further direct the court

2

to appoint new counsel to represent appellant in the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before December 5, 2003. Should additional time be needed to perform these tasks, the trial court may request same on or before December 5, 2003.

It is so ordered.

Per Curiam

Do not publish.